IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN SCOTT WOMACK                                                            PLAINTIFF

VS.                              CASE NO. 5:09CV00085DPM/JTK

LARRY NORRIS, et al.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

This matter is before the Court on defendants' motion for summary judgment (Doc. No. 25). By Order dated April 23, 2010, this Court directed plaintiff to file a response to the motion within ten days of the date of the Order (Doc. No. 30).  As of this date, plaintiff has not filed a response.[1]

Plaintiff filed this action against defendants while incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC).  He has since been released from incarceration.  In his original and amended complaints (Doc. Nos. 2, 8), plaintiff states he and another inmate were the subject of a shakedown in his barracks, after which contraband was found in the trash can in the bathroom of his barracks. Following his questioning by correctional officers, plaintiff was placed in administrative segregation and was then charged with several disciplinary violations two days later.  Following a hearing, he was convicted on five of the charges, and alleges no evidence was presented to support the conviction.  On appeal, one of the five charges was thrown out, but the remaining charges were affirmed on appeal to defendants Banks, Gibson, and Norris.  Plaintiff

---

[1]Pursuant to Local Rule 5.5(c)(2), plaintiff's failure to respond to a Court Order in and of itself justifies dismissal without prejudice of his complaint for failure to prosecute.

claims defendants failed to convict him with "some evidence", and as a result he was sentenced to punitive isolation and lost class. Plaintiff asks for monetary and injunctive relief from the defendants.

## II.   Summary Judgment Motion

A.  Defendants' Motion

In support of their motion, defendants state plaintiff's complaint against them should be dismissed for the following reasons: 1) plaintiff can not state a constitutional claim based on an alleged false disciplinary conviction; 2) plaintiff can not support a violation of due process because there is no protected liberty interest in his housing assignment or classification; 3) plaintiff received fair and reasonable procedures in conjunction with his disciplinary charges, as required by due process, and some evidence was presented to support his conviction; 4) plaintiff is not entitled to recover monetary damages, because he suffered no injury; and 5) defendants are entitled to qualified immunity.

B.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts

are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

C.  Analysis

Having reviewed plaintiff's complaints, the Court finds he complains about receiving a false disciplinary charge and being convicted by defendants without "some evidence" to support his conviction.

Initially, the Court notes that plaintiff's claim that he was falsely charged with a disciplinary does not state a Constitutional claim for relief.  The filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and in order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit. Woods v. Smith, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995), and Barker v. Scheere, 1998 WL 101924 (N.D.Tex. 1998).  In this particular case, plaintiff states in his complaints that his disciplinary violation was upheld on appeal.

In addition, plaintiff's placement in administrative segregation prior to being charged with a disciplinary violation does not support a claim for a violation of due process.  "The Due Process Clause does not give an inmate a liberty interest in remaining in the general population."  Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995).  In addition, in Sandin v. Conner, 515 U.S. 472, 486 (1995), the United States Supreme Court held that under certain circumstances states may create liberty interests which are protected by due process, but that those interests are generally limited to "freedom from restraint which,...nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  In this particular case, plaintiff alleges he was placed in administrative segregation two days prior to the date the charges were filed against him.

In addition, he alleges he was sentenced to thirty days in punitive isolation. However, he does not allege any facts to support a finding that the conditions of his confinement imposed an atypical and significant hardship on him, in relation to the ordinary incidents of prison life. Therefore, absent any response or other evidence from the plaintiff, the Court finds as a matter of law that his placement in administrative segregation and punitive isolation did not violate Due Process.

Finally, the Court finds plaintiff's disciplinary conviction to be supported by "some evidence". See Superintendent v. Hill, 472 U.S. 445, 455 (1985), and Goff v. Dailey, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993), where the courts held that prison disciplinary convictions must be affirmed if they are supported by "some evidence." In this particular case, defendants submit copies of the disciplinary charge filed against plaintiff, which states that during a shakedown plaintiff was asked to approach some correctional officers, but instead, first walked toward the bathroom area. Doc. No. 25, Ex. A. After returning, he stated he was looking for another inmate, but that inmate had been sitting behind him when the officers entered the barracks. The officers then searched the bathroom and found a sock lying on top of the trash in the trash can, and inside the sock the officers found two wraps of smokeless tobacco, two hand-rolled cigarettes and a twenty dollar bill, all rolled up inside a small plastic bag. Plaintiff was then charged with resisting apprehension, lying to a staff member, banding together without approval, purchase or exchange of unauthorized articles, failure to obey verbal or written orders, and possession of money or currency without authorization. Doc. No. 25, Ex. A.

According to the disciplinary hearing action form submitted by the defendants, plaintiff admitted at the hearing that he did not immediately respond to the officers when they asked him to approach them, but denied entering the bathroom. The form also states that the evidence relied upon for his conviction consisted of staff reports together with photographs of the confiscated contraband.

Defendants also submitted three staff reports in support of the present motion. Doc. No. 25, Exs. B-D. Absent other evidence or arguments from the plaintiff, the Court finds that these staff reports constitute "some evidence" to support his conviction.

In conclusion, the Court finds as a matter of law that defendants' motion for summary judgment should be granted, and plaintiff's complaint against defendants should be dismissed with prejudice. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (Doc. No. 25) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS SO ORDERED this 25th day of May 2010.

_____
UNITED STATES MAGISTRATE JUDGE